## HOLMAN v. OIL WELL SUPPLY CO.
(two cases).

### Nos. 2696, 2852.

District Court, W. D. Pennsylvania.
June 14, 1934.

Edward A. Lawrence, of Pittsburgh, Pa., for plaintiff.

John E. Jackson, of Pittsburgh, Pa., for defendants.

SCHOONMAKER, District Judge.

These two cases are patent infringement suits involving Holman patent, No. 1,409,-177. The two cases were heard together on bill, answer, and proofs. From these we find the following facts:

### Findings of Fact.

1. The plaintiff is the owner of letters patent No. 1,409,177 issued to Benjamin T. Holman and Karl J. Eckert on March 14, 1922; Eckert having by assignment on record in the Patent Office conveyed his interest therein to the plaintiff on July 18, 1923.

2. The patent covers what is known as a "spudding shoe," which is a device used in drilling oil wells to seize the bight of the drill cable which passes to an overhead

pulley and thence down to the end. from which the drilling tools are suspended. The shoe is connected to a crank whereby the cable may be deflected and thus cause the drilling tool to be lifted and dropped.

3. Claims 5 and 6 of the patent are in suit. They are as follows:

"5. In a spudding shoe, the combination of a head, an arcuate cable bearing fixedly mounted on said head, a cheek and a shank in rigid relationship, a second cheek pivotally attached to the head and adapted to swing into and out of engagement with the shank, and means whereby said second cheek is prevented from spreading relative to said first cheek when said second cheek is in engagement with said shank.

"6. In a spudding shoe, the combination of a head, an arcuate cable bearing fixedly mounted on said head, a cheek and a shank in rigid relationship, and a second cheek adapted to swing into and out of engagement with said shank, said second cheek and shank being provided with interengaging portions to prevent said second cheek from spreading away from said first cheek."

The difference between these two claims is slight. The sixth claim requires, in addition to what is specified in the fifth, that the pivoted cheek and the shank are provided with interengaging portions to prevent the pivoted cheek from spreading away from the fixed cheek.

4. The Oil Well Supply Company (Pennsylvania corporation), defendant in suit No. 2696 equity, at the time of the issuance of the patent in suit, was engaged in the business of manufacturing and selling oil well supplies throughout the oil fields of the United States, and so continued until on or about September 30, 1930, when it conveyed all its property and assets to a New Jersey corporation of the same name, the defendant in suit No. 2852 in equity. This New Jersey corporation has since carried on the same line of business that was formerly conducted by the Pennsylvania corporation.

5. The defendants manufactured and sold spudding shoes. Among them are the "G & H Spudding Shoe (Defendant's Exhibit J)," which, it is charged, infringed the patent in suit. This type of spudding shoe is somewhat in the shape of a very large hook with a guard which is bent down to permit the cable to enter the shoe, and, when once inside the shoe, this guard prevents the shoe from flying off the cable in case the jerk rope should break.

6. Comparing the structure of the Holman patent with defendant's spudding shoe, we find the Holman shoe with a pair of cheeks supporting the cable guide or shoe and attached to the shank, whereas the defendant's is a hook-shaped structure having a displaceable guard at the opening into the hook.

7. There are in the prior art disclosures and uses of spudding shoes in which the shoe is provided with two cheeks, i. e., Defendant's Exhibit B, National Supply Company catalogue; Defendant's Exhibit C, Lucey Manufacturing Company catalogue, under the name of Neely spudding shoe and O. K. spudding shoe.

8. The prior art also shows the hook type of spudding shoe in the Settle patent 1,340,420, Defendant's Exhibit K, and in the old "Imperial" type of spudding shoe, Defendant's Exhibit O.

9. Plaintiff notified defendant in suit at No. 2696 equity of its patent, but took no steps to stop the alleged infringement till suit was brought against the Pennsylvania corporation on September 13, 1932.

10. The excuse for delay is the poverty on the part of plaintiff, although the patent in suit was for a time assigned to a bank as collateral security for money borrowed for a real estate transaction.

11. There has never been any commercial spudding shoe of the Holman type manufactured or sold.

### Conclusions of Law.

From these facts we conclude as a matter of law:

1. That the defendants do not infringe plaintiff's patent.

2. That the plaintiff's suit is barred by laches.

3. That the bill of complaint in both cases should be dismissed.

### Opinion.

We are dealing here with a paper patent for an improvement in spudding shoes, a device used in drilling oil wells. It is not a primary invention where the patent might cover a large range of equivalents. The plaintiff's patent simply does not read on the defendant's structure. They are two different types of devices for a similar use. The plaintiff's device is a double-checked apparatus for confining the spudding shoe to the drilling cable, which will prevent it from flying off the cable when the jerk rope which operates the spudding shoe on the

drilling cable breaks; the defendant's device is a hook-shaped structure having a tongue or displaceable guard at the opening into the hook, which likewise prevents the shoe from flying off the cable when the jerk rope breaks.

The prior Settle patent 1,340,420 discloses a spudding shoe which is operatively held against accidental displacement when the device is positioned for use. So it must be that the plaintiff's patent must be limited to cover the particular means described in the specifications or their clear mechanical equivalents. Electric Protection Co. v. American Bank Protection Co. (C.C.A.) 184 F. 916, 922.

Were the plaintiff otherwise entitled to an injunction, his laches in prosecuting his claim for nine years would bar his recovery. He would excuse that on account of poverty, but that is not a sufficient excuse under the ruling of the Supreme Court. See Hayward v. National Bank, 96 U.S. 611, 618, 24 L.Ed. 855; Leggett v. Standard Oil Co., 149 U.S. 287, 294, 13 S.Ct. 902, 37 L.Ed. 737.

A decree may be submitted dismissing the plaintiff's bills of complaint in both cases, with costs.