**SEGHERS v. GARDELLA et al.**
Civil Action No. 20240.

District Court, N. D. Ohio, E. D.
March 28, 1944.

Emiel P. Seghers, pro se, and William J. Wesseler, of Cleveland, Ohio, for plaintiff.

John W. Meyer (of Hyde & Meyer), of Cleveland, Ohio, for defendants.

WILKIN, District Judge.

This action is brought under the patent laws for infringement of Letters Patent No. 1,705,449, relating to tops for percolators. The complaint prays injunction, accounting, and damages. The answer sets up the usual defenses of non-infringement and invalidity, and the special defense of laches. A careful consideration of the evidence and the briefs brings the court to the conclusion that all three defenses have been sustained.

▮ The evidence as to prior use clearly invalidates the claims in suit. The court is at a loss to understand why prior art so clearly applicable was overlooked during the prosecution of the Seghers application. It is well settled that utilization of structures old in other devices involves no invention. The transfer of such structures to percolator tops was nothing more than ordinary mechanical skill.

▮ As to the defense of non-infringement, the court was impressed at the trial by the difference between the methods employed by the plaintiff and by the defendants. If the plaintiff's claims should be sustained, a cursory examination of the exhibits would show that the defendants' contrivance is quite distinct from the plaintiff's and while serving the same general purpose, it serves it in quite a different way.

Instead of attempting to make an inadequate bayonet joint more efficient by preventing its rotation, the defendants devised a metallic strip or harness to be placed over the top of the percolator top. This metallic strip permits rotation of the top but prevents the top from falling out by attaching the other ends of the metallic strip to the metallic lid of the percolator. In plaintiff's device the glass top is connected to the percolator lid by means of "one having an opening and the other fitting in said opening" whereas in the defendants' device the harness that holds the two parts together is extraneous to and separate from both of the parts.

▮ As to the third defense, a careful consideration of all the facts revealed in the evidence convinces the court that the plaintiff is guilty of laches because he failed to do within a reasonable time what should have been done for the protection of the claims which he asserts. He offers ill health as an excuse for his delay. The evidence as to his other activities during the time tends to invalidate the excuse; but even if it is conceded that he had a heart ailment which might have been affected by the excitement of a trial, still his action should have been commenced. If due consideration for his health required a continuation of the case, the court could have postponed the trial and the rights of the parties would have remained as they were at the time of filing the complaint. In 1931 the plaintiff wrote to the defendants and charged infringement. The defendants denied the plaintiff's charge, questioned the validity of the plaintiff's patent, and frankly asserted the intention to continue the manufacture and sale of the accused device. The complaint in this case was not filed until 1940. It seems to this court that such a delay is a want of the diligence which the law requires. Woodmanse & Hewitt Mfg. Co. v. Williams et al., 6 Cir., 68 F. 489, 403; Holman v. Oil Well Supply Co., D.C., 14 F.Supp. 490, 492; Gillons et al. v. Shell Co. of Cal., 9 Cir., 86 F.2d 600.

The complaint will be dismissed. If necessary, findings and conclusions may be prepared in accordance with this opinion and the rule.